557 So.2d 646 (1990)
Albert T. MANTOOTH, Jr., Appellant,
v.
Barbara Diane RICHARDS a/K/a Barbara Mantooth; William Richards; Nora Richards and William H. Richards, Jr., Appellees.
No. 88-3390.
District Court of Appeal of Florida, Fourth District.
February 28, 1990.
Gary S. Israel, Palm Beach, for appellant.
Michael J. Snure and Nancy Ryan of Muller, Kirkconnell, Lindsey & Snure, P.A., Winter Park, for appellees.
PER CURIAM.
We affirm the trial court order which dismissed the former husband's amended complaint against the former wife for failure to state a cause of action. The complaint sought money damages in a civil action because of alleged parental kidnapping of the two minor children of the parties by the former wife. It was specifically sought to be brought under authority of sections 772.102(1)(a)(12), 772.103, 772.104 and 787.01, Florida Statutes (1987).
We hold, as did the trial court, that the mentioned statutes concern only criminal violations and do not afford a civil remedy. See McDougald v. Jenson, 786 F.2d 1465 (11th Cir.1986). We note that the plaintiff (appellant) concedes that there is no caselaw or statute in Florida which directly provides a civil cause of action for damages for parental kidnapping. Plaintiff has simply failed to demonstrate error on the part of the trial court.
AFFIRMED.
WALDEN and WARNER, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
At oral argument we asked counsel to obtain for us any available legislative history on the statute forming the basis for appellant's cause of action. We followed this verbal request by issuance of a written order. Counsel complied with our request by providing us with legislative audio tapes, staff analyses, memoranda and research. This information assisted this court in making a fully informed decision.
Having reviewed the supplied information, I concur with appellee's contention that the documentation presented does not support a legislative intent to recognize a statutorily based civil action on the part of one parent for abduction of a child by the other parent.